UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 8:14-CR-53-RAL-26-EAJ |
| | : | |
| DERRICK L. HAYES | : | |

**DEFENDANT DERRICK L. HAYES' SENTENCING MEMORANDUM**

COMES NOW, the Defendant, DERRICK L. HAYES, and respectfully files this his sentencing memorandum and in support states as follows:

Undersigned counsel acknowledges at the outset of this sentencing memorandum that this Honorable Court is fully aware of the discretion it possesses when sentencing a federal defendant pursuant to the advisory federal sentencing guidelines and the factors of Title 18 United States Code 3553(a). If this Honorable Court however desires additional argument as to the law behind this request undersigned counsel will be prepared to address it in open court.

In this sentencing memorandum, undersigned counsel will focus on the following question: will sentencing the Defendant to the Bureau of Prisons within the advisory federal sentencing guideline range of 360 months to life in federal prison result in a unreasonable and greater than necessary sentence under the law? The Defendant respectfully states that it will. It has become nearly axiomatic at a federal sentencing that a district court judge will be told by defense counsel, or even in some instances by the government prosecutor, that she or he must impose a sentence that is sufficient but not greater than necessary to fulfill the purposes of sentencing as defined by Title 18 United States Code 3553. But what does this legal phrase

actually mean for a federal defendant and more importantly what does it mean to the federal district court judge who must impose sentence on that very same federal defendant? Undersigned counsel posits that it means a district court judge must impose the lowest permissible sentence allowed by law. The Defendant respectfully states that a term of imprisonment in the range of 180 months to 240 months months is a reasonable but not greater than necessary sentence and thus the lowest permissible sentence allowed by law.

## Title 18 United States Code Section 3553(a) Factors

The Title 18 United States Code Section 3553(a) factors that a sentencing judge must take into consideration are as follows:

1. The nature and circumstances of the offense and the history and characteristics of the defendant; 18 U.S.C. Section 3553(a)(1)

2. The need for the sentence imposed; 18 U.S.C. Section 3553(a)(2)

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

    b. to afford adequate deterrence to criminal conduct.

    c. to protect the public from further crimes of the defendant.

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. The kinds of sentences available; 18 U.S.C. Section 3553(a)(3).

4. The need to avoid unwarranted disparity among defendants with similar records and similar crimes; 18 U.S.C. Section 3553(a)(6).

5. The need to provide restitution to any victims of the offense. 18 U.S.C. Section 3553(a)(7).

The Title 18 United States Code 3553(a) factor most relevant to this case is the need to avoid an unwarranted sentencing disparity among defendants with similar records and similar crimes. In the *United States v. Manuel A. Walcott*, 8:10-CR-167-T-26-MAP, this Honorable Court sentenced the defendant Walcott to a term of imprisonment of 240 months after he was found guilty by a jury of his peers. The Defendant is similarly situated to the defendant Walcott in nearly every conceivable way and should be sentenced a similar fashion. The only significant difference is the Defendant pleaded guilty to the all charges in the indictment while the defendant Walcott was found guilty of all charges after exercising his constitutional right to a jury trial.

**Their Personal Histories**

The Defendant was 27 years old at the time of his arrest. The defendant Walcott was 30 years old at the time of his arrest. The Defendant dropped out of school in the eighth grade. The defendant Walcott dropped out of school in the tenth grade. The Defendant has one child. The defendant Walcott has four children. The Defendant grew up without his father because his father was in state prison. The defendant Walcott grew up without his father because his father was murdered. The Defendant was raised in foster homes because his mother was addicted to drugs and alcohol. The defendant Walcott was raised by a stepfather who beat him. The Defendant suffers from depression. The defendant Walcott was involuntarily hospitalized under the Baker Act. The Defendant is addicted to drugs and alcohol. The defendant Walcott was addicted to drugs and alcohol.

**The Victims**

There are two minor fourteen-year old victims in the Defendant's case. There was one minor fourteen-year old victim and one eighteen-year old victim in the defendant Walcott's case. Both cases involve allegations of drug use, alcohol abuse, mental abuse and physical abuse.

## The Offense Conduct

The Defendant was named in a three-count indictment. The defendant Walcott was named in three counts of a four-count indictment. The Defendant pleaded guilty to violations of Title 18 United States Code, Section 1591(a)(1) and (a)(2) and Section 1594(c) (count one), Title 18 United States Code, Section 1591(a)(1), (a)(2), (b)(1), (b)(2), (c) and Section 2 (counts two and three). The defendant Walcott was found guilty by a jury of his peers of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and (c) and 1594(c) (count one), Title 18, United States Code, Sections 1591(a)(1), (b)(2), and (c) (count two) and Title 18, United States Code, Section 2251(a), (e), and (2) (count three).

## The Penalties

The Defendant is subject to a fifteen-year mandatory minimum term of imprisonment. The defendant Walcott was sentenced to pursuant to a ten-year mandatory minimum term of imprisonment and pursuant to a fifteen-year mandatory minimum term of imprisonment. The Defendant has final offense base level of 42 under the advisory federal sentencing guidelines. The defendant Walcott had a final base offense level of 38 under the advisory federal sentencing guidelines. The Defendant has 13 criminal history points and is a criminal history category VI. The defendant Walcott had 12 criminal history points and was a criminal history category V. Both defendants were properly scored at 360 months to life in federal prison under the advisory federal sentencing guidelines.

## The Sentencing Request

There is a statutory requirement to avoid an unwarranted sentencing disparity among defendants with similar records and similar crimes. In this case sentencing the Defendant to anything above 240 months will create a disparity. Therefore a sentence greater than 240 months is unreasonable and thus greater than necessary. Appropriate range is 180 months to 240 months.

## CONCLUSION

WHEREFORE, the Defendant, DERRICK L. HAYES, by and through his undersigned counsel respectfully files this his sentencing memorandum.

Respectfully submitted,

By: /s/ Mark J. O'Brien
Mark J. O'Brien, Esquire
Florida Bar No.: 0084248
Bayshore Center
511 West Bay Street
Third Floor - Suite 330
Tampa, Florida 33606
Direct:	(813) 228-6989
Email: mjo@markjobrien.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY on December 9, 2014 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

By: /s/ Mark J. O'Brien  
Mark J. O'Brien, Esquire
